UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL E. SMITH,

Plaintiff,

v.                                                    CAUSE NO. 3:20-CV-323-DRL-MGG

INDIANA STATE PRISON,

Defendant.

### OPINION & ORDER

Daniel E. Smith, a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Smith alleges that, on April 2, 2019, he transferred to the disciplinary unit at the Indiana State Prison. During the course of this transfer, he lost all of his possessions except for the clothing on his person. Since that time, he has repeatedly asked correctional staff for clothing and bedding to no avail. Due to his lack of clothing, he cannot leave his cell for recreation or for medical care. During the winter, these conditions also forced him to tear open his mattress to sleep inside of it for warmth. Based on these allegations, Mr. Smith asserts an Eighth Amendment claim regarding the conditions of his confinement against the Indiana State Prison.

In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). While Mr. Smith may be able to assert a valid Eighth Amendment claim, he has not done so here because the Indiana State Prison is a building, not an individual, corporation, or governmental entity that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Mr. Smith may not proceed on a claim for money damages.

Mr. Smith also asks to be provided with clothing and bedding. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Consequently, Mr. Smith may proceed on an injunctive relief claim for the bedding and clothing to which he is entitled under the Eighth Amendment. The Warden of the Indiana State Prison has both the authority and the responsibility to ensure that Mr. Smith receives adequate clothing and bedding. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Warden will be added as a defendant for purposes of Mr. Smith's injunctive relief claim.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of the Indiana State Prison as a defendant;

(2) GRANTS Daniel E. Smith leave to proceed on an injunctive relief claim against the Warden of the Indiana State Prison in his official capacity to obtain the clothing and bedding to which he is entitled under the Eighth Amendment;

(3) DISMISSES the Indiana State Prison;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Warden of the Indiana State Prison at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden of the Indiana State Prison respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Daniel E. Smith has been granted leave to proceed in this screening order.

SO ORDERED.

April 17, 2020                                  *s/ Damon R. Leichty*
                                                Judge, United States District Court