UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL E. SMITH,

        Plaintiff,

v.                                   CAUSE NO. 3:20-CV-323-DRL-MGG

INDIANA STATE PRISON,

        Defendant.

### OPINION & ORDER

Daniel E. Smith, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. A document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant.

Here, Mr. Smith alleges that, on April 2, 2019, he was transferred to the disciplinary unit at the Indiana State Prison. During the course of this transfer, he lost all of his possessions except for the clothing he was wearing. Since that time, he has repeatedly asked correctional staff for adequate clothing and bedding. His complaints have gone unheeded, except that he was given three pairs of underwear. He claims that during the winter he didn't have a proper coat and couldn't leave the prison to attend a medical appointment or for recreation. He states that he has no money in his prison trust account and is still unable to obtain adequate clothing.

In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate clothing and bedding. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009);

*Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Giving Mr. Smith the inferences to which he is entitled at this stage, he has satisfied the objective prong. On the subjective prong, however, the only defendant he names is the warden. There is no indication that the warden was personally involved in these events, and he cannot be sued for money damages solely because he oversees operations at the prison. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Therefore, Mr. Smith may not proceed on a claim for money damages against the warden.[1]

Nevertheless, the complaint can be read to allege that Smith is still in need of adequate clothing and bedding. The warden has both the authority and the responsibility to ensure that inmates receive adequate clothing and bedding, and is a proper defendant for purposes of a claim for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed on a claim for injunctive relief against the Warden of the Indiana State Prison in his official capacity to obtain the clothing and bedding to which he is entitled under the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to send a Waiver of Service request to (and if necessary, the United States Marshals Service to serve process on) Warden Ron Neal, along with a copy of this order and the amended complaint (ECF 9), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, if such information is within its possession; and

---

[1] The court notes that this is Smith's second attempt to state a claim for damages under the Eighth Amendment. His original complaint named only the Indiana State Prison (ECF 2), and the court previously instructed him that this was not a viable defendant (ECF 6).

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Warden of the Indiana State Prison to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 8, 2020                               *s/ Damon R. Leichty*
                                           Judge, United States District Court